## No. 687
### NECKEL v. FOX
Ohio Appeals, 1st District, Hamilton County
No. 2164. Decided June 4, 1923

**231. LANDLORD AND TENANT.**

Apartment Houses—Owner of flat not liable for injuries sustained on private porch.

Cushing, Buchwalter and Hamilton, JJ.

PER CURIAM:

Epitomized Opinion

This is an action for personal injuries brought by Neckel against one Fox, the owner of a flat. Neckel went to a certain apartment house to see one of the tenants therein and was injured on a porch appurtenants to the same. The petition charged that the porch of the house where plaintiff fell was used as a public passageway in the same premises and used in common by the various tenants. Counsel for plaintiff in the opening statement stated that the porch was used as a private entrance and was not used in common by the various tenant. The court rendered a judgment for defendant upon the opening statement, whereupon plaintiff prosecuted error. In sustaining the judgment of the lower court, the court of Appeals held:

1. That under the authority of Burdick v. Cheadle, 26 OS. 393, and Shindelbeck v. Moon, 32 OS. 264, the court held tht the owner of a flat or apartment house was not liable for injuries sustained on a private porch or a porch not used in common by the various tenants.

Attorneys—David Davis, for Neckel; Wm. F. Fox, for Fox.

## No. 688
### HOWEY v. METCALF
Ohio Appeals, Ninth District, Wayne County
May 25, 1923. No. 756

**232-A. LEASES.**

Construction of terms. Right to take away fodder and recovery for repairs (231).

PARDEE, J.

Epitomized Opinion

Plaintiff, who had leased a farm to defendant, brought this action to recover for labor performed and for hay and corn fodder removed from the farm by defendant contrary to the terms of the lease. Defendant filed a cross-petition to recover for repairs and other matters growing out of the lease. The lease provided that defendant should have all the corn fodder and hay, "providing that the same is fed upon said farm and no part of either to be sold off."

Defendant brought to the farm a certain amount of corn fodder and hay and when he left took the same amount with him. In Common Pleas the court charged the jury that defendant had a right so to do, and that defendant was entitled to recover for repairs he had made on the leased premises. Verdict and judgment were given for defendant. Plaintiff brought error to this court. Held:

There was no error in the charge concerning repairs, for defendant alleged they were made at the request of plaintiff apart from the terms of the lease. But there was error in the charge concerning the right to take away corn fodder and hay. The above quoted part of the lease was a restrictive covenant and by it any corn fodder and hay not fed during the occupancy of the tenant belonged to the landlord. Judgment reversed and cause remanded.

FUNK, J., concurs.
WASHBURN, J., dissents.
Attorneys—Joseph O. Fritz, for Plaintiff; Weygandt & Ross, for Defendant.

## No. 689
### GUGGENHEIM v. CULBERTSON
Ohio Appeals, 7th District, Mahoning County
March 31, 1923

**250. MECHANIC'S LIEN.**

Work to be performed within 60-day period; separate contracts, held not to extend lien taking period.

ROBERTS, J.

Epitomized Opinion

An appeal from Common Pleas, in foreclusure suit, on a question of the legality of a mechanic's lien claimed by one Cairey, a cross-petitioner, on the residence of Culbertson. Cairey performed certain manual labor on the building at the rate of $1.25 an hour and was to have also a percentage on the cost of the building for superintending the construction. Cairey performed the work for several months until the close of the year 1920, at which time Culbertson experienced financial difficulties and directed Cairey to cease work. Thereupon Cairey did no more work until the 18th day of July, 1921, when by direction of Culbertson he took some poor window glass out of the building and replaced it with other glass, for the agreed price of $25, of which he was paid $20. On the 8th day of September, 1921, Cairey filed a mechanic's lien, claiming $2,800 for services. Held:

The work performed on the 18th day of July, 1921, was not under the original contract, but was done by separate agreement. Separate contracts cannot be tacked together to prolong the time for taking the lien.

## No. 690
### YOUNGSTOWN v. WILKOFF
Ohio Appeals, 7th District, Mahoning County

**259. MUNICIPAL LAW.**

Municipal Corporation—Not liable for negligence.

ROBERTS, J.

Epitomized Opinion

Plaintiff was injured by an explosion of fireworks at a 4th of July celebration in one of the parks of the city. An ordinance of the city prohibiting the use of fireworks except by special permit. No permit was obtained in this instance. The celebration was promoted by a committee of prominent citizens, among whom were the secretary of the chamber of commerce and the mayor of the city. The chief of the city's traffic force had charge of roping off space. In the Common Pleas there was a verdict and judgment for plaintiff. The city prosecuted error to this court. Held:

There is no evidence that the city as a municipality took part in the celebration. The city was not acting in a proprietarfy sense, but in a governmental sense. A municipal corporation is not liable for negligence for failure to prevent a celebration of this kind even if it was its duty so to do. Case reversed and remanded.

Attorneys—J. H. Leighninger and C. F. Ohl, for City; Anderson, Lamb & Osborne, for plaintiff.